**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| PUBLIC CITIZEN, INC.,<br> 1600 20th Street NW<br> Washington, DC 20009,<br><br> Plaintiff,<br><br> v.<br><br> UNITED STATES DEPARTMENT<br> OF EDUCATION,<br> 400 Maryland Avenue SW<br> Washington, DC 20202,<br><br> Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)      Civil Action No. _____ |

## COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF

1.     This action is brought under the Freedom of Information Act (FOIA), 5 U.S.C. § 552, to compel the United States Department of Education (ED) to produce records responsive to a FOIA request concerning ED's Teacher Education Assistance for College and Higher Education (TEACH) Grant program.

### JURISDICTION AND VENUE

2.     This Court has jurisdiction under 28 U.S.C. § 1331 and 5 U.S.C. § 552(a)(4)(B). Venue is proper under 5 U.S.C. § 552(a)(4)(B) and 28 U.S.C. § 1391(e).

### PARTIES

3.     Plaintiff Public Citizen, Inc. is a non-profit research, litigation, and advocacy organization that represents the public interest before Congress, the executive branch, and the courts. Public Citizen frequently issues reports or submits petitions on issues affecting consumers, including students and student loan borrowers.

4.      Defendant ED is an agency of the federal government of the United States and has possession of and control over the records plaintiff seeks.

## STATEMENT OF FACTS

**The TEACH Grant Program**

5.      In 2007, Congress amended the Higher Education Act of 1965 to establish the TEACH Grant program as part of ED's federal student financial assistance programs. The TEACH Grant program generally provides grants of up to $4,000 a year to students pursuing higher education to work as teachers. Congress required ED to prepare and submit a report about the program every two years. 20 U.S.C. § 1070g-4.

6.      Students who receive TEACH Grants must sign an Agreement to Serve, committing them to teach in a high-need field at a low-income school or district for at least four of the eight years following completion of their course of study. After graduation, grant recipients must confirm annually that they intend to satisfy their service obligations and, in years that recipients seek to count toward their four-year service obligation, demonstrate that they are in compliance with the program requirements. If a graduate fails to demonstrate continued eligibility, the grant is converted to a federal Direct Unsubsidized Loan that must be repaid with interest charges from the date of the TEACH Grant disbursement.

7.      ED currently contracts with FedLoan Servicing, a part of the Pennsylvania Higher Education Assistance Agency (PHEAA), to help it manage the TEACH Grant program, including grant recipients' annual certification obligations, and to service TEACH Grants converted to Direct Loans.

8.      In 2015, the U.S. Government Accountability Office (GAO) examined the TEACH Grant program and found that, over the course of roughly one year, ED and its servicer had

discovered that more than 2,200 grants had been erroneously converted into loans. *See* GAO, Higher Education: Better Management of Federal Grant and Loan Forgiveness Programs for Teachers Needed to Improve Participant Outcomes 26 (2015) (hereinafter, GAO Report), http://www.gao.gov/assets/670/668634.pdf.

9.      GAO stated that roughly one in five of these erroneous conversions was due to a recipient's misunderstanding of the grant or certification requirements or to the servicer's provision of "inaccurate, unclear, confusing, or misleading explanations" of those requirements to grant recipients. *Id.* at 27. GAO reported that, "[a]s a result of the errors discovered to date, Education officials said they plan to review accounts for all of the approximately 36,000 TEACH grant recipients who had grants converted to loans by the current and previous servicer since the program's inception." *Id.* at 28. It stated that ED had not established a timeframe for when it would complete that review.

10.     GAO stated that ED permitted reconversions of grants erroneously converted to loans, but that ED and its servicer "provide[d] incomplete and inconsistent information to recipients about the availability of and criteria for disputing a grant-to-loan conversion." *Id.* at 31. GAO further stated that "[a]bsent clear, consistent, and complete information about whether loan conversions can be disputed and what constitutes servicer error, recipients are unlikely to understand how to navigate the dispute process, criteria on which the dispute decisions are made, or whether a dispute process even exists." *Id.*

11.     Public accounts of teachers victimized by erroneous conversions have surfaced, as have complaints that erroneous conversions cannot be fixed. One 2014 article reported that all seven teachers at a single Idaho school who received TEACH grants had their grants converted to loans. *See* Jennifer Zamora, *Feds Unfairly Convert Teacher Grants to Loans*, IDEDNEWS.org,

May 26, 2014, http://www.idahoednews.org/voices/feds-unfairly-convert-grants-to-loans/. One of the teachers stated that ED's servicer converted her grant to a loan based on a mistake in the certification paperwork of which she was never told, and that the servicer then refused to reconvert it. *Id.*

12.     Another article described a teacher who said he did not receive a letter from the program's servicer telling him of a mistake in his certification paperwork until two weeks into the 30-day period he had for resubmission of the corrected material. *See* James R. Hood, *Federal TEACH Grants Are 'Legalized Theft,' Betrayed Teachers Charge*, Consumer Affairs, Oct. 23, 2015, https://www.consumeraffairs.com/news/federal-teach-grants-are-legalized-theft-betrayed-teachers-charge-102315.html. The article reported that the servicer converted the grant to a loan based on the teacher's asserted failure to meet the deadline for certifying his continued eligibility for the program, and that the teacher's appeal of the decision to the servicer was denied.

**Public Citizen's FOIA Request**

13.     On August 31, 2016, Public Citizen submitted a FOIA request via email requesting:

- All TEACH Grant program reports as described in 20 U.S.C. § 1070g-4;

- The TEACH Grant Agreement to Serve used by ED for each year since the TEACH Grant program's inception;

- All instructions, standards, guidance, or policies provided by ED to FedLoan Servicing, or to PHEAA, with respect to the reconversion of TEACH Grants erroneously converted to loans, including the standards for determining whether a TEACH Grant has been erroneously converted to a loan, and any available process for grant recipients to dispute allegedly erroneous conversions of their grants to loans;

- Copies of all aggregate findings by ED, FedLoan Servicing, or PHEAA with respect to a review of accounts for TEACH Grant recipients who had grants converted to loans since the program's inception.

14.     By letter dated October 5, 2016, ED confirmed receipt of the request.

15.     By letter dated December 9, 2016, ED provided what it described as an "interim response" to the request.

16.     ED's "interim response" consisted of 1,026 pages of unredacted documents that ED described in a cover letter as "TEACH Grant documents."

17.     On July 27, 2017, Public Citizen followed up by email with ED regarding the status of the FOIA request. On July 31, 2017, ED explained by email that the December letter should have been a final determination rather than an interim response, and attached an edited version of the December 9 letter removing the word "interim" from the description of the response.

18.     On August 18, 2017, Public Citizen timely appealed ED's response to the FOIA request, explaining why the records disclosed to date, along with ED's public statements and statutory obligations, made clear that ED's search for responsive records was inadequate.

19.     For example, Public Citizen's appeal explained that ED has a statutory obligation to "prepare and submit to the authorizing committees [of Congress] a report on TEACH grants with respect to the schools and students served by recipients of such grants." 20 U.S.C. § 1070g-4. The first of these reports was due by August 14, 2010, and subsequent reports were required every two years thereafter. Although ED should have produced in response to Public Citizen's FOIA request reports from 2010, 2012, 2014, and 2016, the appeal noted that ED had not done so.

20.     Public Citizen also explained that, although ED produced documents discussing some TEACH grants that were converted to loans under circumstances that would be erroneous

per se (such as conversions when a student had not yet completed the program for which the TEACH Grant was obtained), ED did not provide any information regarding any other standards for determining whether TEACH Grants were erroneously converted to loans for other reasons, *e.g.*, because of misleading or unclear information from the servicer.

21.     Public Citizen further noted that ED's response failed to include any documents providing guidance to the loan servicer on how to handle erroneous conversions, including those regarding "any available process for grant recipients to dispute allegedly erroneous conversions of their grants to loans." Given the well-documented coverage of the problem of erroneous conversions, including in the 2015 GAO Report, Public Citizen stated it is highly unlikely that ED has issued no guidance to FedLoan Servicing or to PHEAA on the process available for challenging erroneous conversions.

22.     Public Citizen also observed that ED failed to produce all documents reflecting findings by the Department on erroneous conversions. Although the GAO report explained that ED intended "to review accounts for all of the approximately 36,000 TEACH grant recipients who had grants converted to loans by the current and previous servicer since the program's inception," *see* GAO Report at 28, ED produced no documents post-dating the GAO report that made any findings regarding these recipients.

23.     Public Citizen also noted that ED had released documents indicating the existence of other responsive documents, such as ED's production of documents titled "TEACH Grants Incorrectly Converted – Phase 1" and "TEACH Grants Incorrectly Converted – Phase III," but no documents referencing "Phase 2."

24.     ED acknowledged receipt of Public Citizen's administrative appeal on August 21, 2017.

25.     To date, Public Citizen has not received a determination of its administrative appeal.

## CAUSE OF ACTION
### (FOIA – Failure to Conduct an Adequate Search for Records)

26.     Pursuant to 5 U.S.C. § 552(a)(6)(C)(i), plaintiff has exhausted all administrative remedies with respect to its FOIA request for records regarding the TEACH Grant program.

27.     Plaintiff has a statutory right under FOIA, 5 U.S.C. § 552(a)(3)(C), to an adequate search for the records it requested and to the release of any non-exempt records identified in that adequate search. No legal basis exists for Defendant's refusal to search adequately for the records plaintiff seeks.

## CAUSE OF ACTION
### (FOIA – Failure to Disclose Responsive Records)

28.     Pursuant to 5 U.S.C. § 552(a)(6)(C)(i), plaintiff has exhausted all administrative remedies with respect to its FOIA request for records regarding the TEACH Grant program.

29.     Plaintiff has a statutory right under FOIA, 5 U.S.C. § 552(a)(3)(A), to the records it requested, and there is no legal basis for ED's failure to disclose them.

## PRAYER FOR RELIEF

WHEREFORE, plaintiff requests that this Court:

(1) Declare that ED's search was inadequate and its withholding of the requested records is unlawful;

(2) Order ED to undertake an additional search for responsive records;

(3) Order ED to make the requested records available to plaintiff;

(4) Award plaintiff its costs and reasonable attorneys' fees pursuant to 5 U.S.C. § 552(a)(4)(E); and

(5) Grant such other and further relief as this Court may deem just and proper.

Dated: March 28, 2018

Respectfully submitted,

/s/ Julie A. Murray
Julie A. Murray (D.C. Bar No. 1003807)
Edward T. Duckett (D.C. Bar No. 242187)
Patrick D. Llewellyn (D.C. Bar No. 1033296)
PUBLIC CITIZEN LITIGATION GROUP
1600 20th Street NW
Washington, DC 20009
(202) 588-1000
jmurray@citizen.org

*Attorneys for plaintiff*

# CIVIL COVER SHEET

JS-44 (Rev. 6/17 DC)

| I. (a) PLAINTIFFS | DEFENDANTS |
|---|---|
| Public Citizen, Inc. | United States Department of Education |

**(b)** COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF 11001
(EXCEPT IN U.S. PLAINTIFF CASES)

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT _____
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED

**(c)** ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)

Julie A. Murray and Patrick D. Llewellyn
Public Citizen Litigation Group
1600 20th Street NW
Washington, DC 20009

ATTORNEYS (IF KNOWN)

## II. BASIS OF JURISDICTION
(PLACE AN x IN ONE BOX ONLY)

○ 1 U.S. Government Plaintiff
○ 3 Federal Question (U.S. Government Not a Party)
● 2 U.S. Government Defendant
○ 4 Diversity (Indicate Citizenship of Parties in item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (PLACE AN x IN ONE BOX FOR PLAINTIFF AND ONE BOX FOR DEFENDANT) FOR DIVERSITY CASES ONLY!

| | PTF | DFT | | PTF | DFT |
|---|---|---|---|---|---|
| Citizen of this State | ○ 1 | ○ 1 | Incorporated or Principal Place of Business in This State | ○ 4 | ○ 4 |
| Citizen of Another State | ○ 2 | ○ 2 | Incorporated and Principal Place of Business in Another State | ○ 5 | ○ 5 |
| Citizen or Subject of a Foreign Country | ○ 3 | ○ 3 | Foreign Nation | ○ 6 | ○ 6 |

## IV. CASE ASSIGNMENT AND NATURE OF SUIT
(Place an X in one category, A-N, that best represents your Cause of Action and one in a corresponding Nature of Suit)

○ **A. Antitrust**
☐ 410 Antitrust

○ **B. Personal Injury/Malpractice**
☐ 310 Airplane
☐ 315 Airplane Product Liability
☐ 320 Assault, Libel & Slander
☐ 330 Federal Employers Liability
☐ 340 Marine
☐ 345 Marine Product Liability
☐ 350 Motor Vehicle
☐ 355 Motor Vehicle Product Liability
☐ 360 Other Personal Injury
☐ 362 Medical Malpractice
☐ 365 Product Liability
☐ 367 Health Care/Pharmaceutical Personal Injury Product Liability
☐ 368 Asbestos Product Liability

○ **C. Administrative Agency Review**
☐ 151 Medicare Act

Social Security
☐ 861 HIA (1395ff)
☐ 862 Black Lung (923)
☐ 863 DIWC/DIWW (405(g))
☐ 864 SSID Title XVI
☐ 865 RSI (405(g))
Other Statutes
☐ 891 Agricultural Acts
☐ 893 Environmental Matters
☐ 890 Other Statutory Actions (If Administrative Agency is Involved)

○ **D. Temporary Restraining Order/Preliminary Injunction**

Any nature of suit from any category may be selected for this category of case assignment.

*(If Antitrust, then A governs)*

○ **E. General Civil (Other)**     OR     ○ **F. Pro Se General Civil**

Real Property
☐ 210 Land Condemnation
☐ 220 Foreclosure
☐ 230 Rent, Lease & Ejectment
☐ 240 Torts to Land
☐ 245 Tort Product Liability
☐ 290 All Other Real Property

Personal Property
☐ 370 Other Fraud
☐ 371 Truth in Lending
☐ 380 Other Personal Property Damage
☐ 385 Property Damage Product Liability

Bankruptcy
☐ 422 Appeal 27 USC 158
☐ 423 Withdrawal 28 USC 157

Prisoner Petitions
☐ 535 Death Penalty
☐ 540 Mandamus & Other
☐ 550 Civil Rights
☐ 555 Prison Conditions
☐ 560 Civil Detainee – Conditions of Confinement

Property Rights
☐ 820 Copyrights
☐ 830 Patent
☐ 835 Patent – Abbreviated New Drug Application
☐ 840 Trademark

Federal Tax Suits
☐ 870 Taxes (US plaintiff or defendant)
☐ 871 IRS-Third Party 26 USC 7609

Forfeiture/Penalty
☐ 625 Drug Related Seizure of Property 21 USC 881
☐ 690 Other

Other Statutes
☐ 375 False Claims Act
☐ 376 Qui Tam (31 USC 3729(a))
☐ 400 State Reapportionment
☐ 430 Banks & Banking
☐ 450 Commerce/ICC Rates/etc.
☐ 460 Deportation

☐ 462 Naturalization Application
☐ 465 Other Immigration Actions
☐ 470 Racketeer Influenced & Corrupt Organization
☐ 480 Consumer Credit
☐ 490 Cable/Satellite TV
☐ 850 Securities/Commodities/Exchange
☐ 896 Arbitration
☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision
☐ 950 Constitutionality of State Statutes
☐ 890 Other Statutory Actions (if not administrative agency review or Privacy Act)

| ○ G. *Habeas Corpus/ 2255* | ○ H. *Employment Discrimination* | ○ I. *FOIA/Privacy Act* | ○ J. *Student Loan* |
|---|---|---|---|
| ☐ 530 Habeas Corpus – General<br>☐ 510 Motion/Vacate Sentence<br>☐ 463 Habeas Corpus – Alien Detainee | ☐ 442 Civil Rights – Employment (criteria: race, gender/sex, national origin, discrimination, disability, age, religion, retaliation)<br><br>*(If pro se, select this deck)* | ☒ 895 Freedom of Information Act<br>☐ 890 Other Statutory Actions (if Privacy Act)<br><br><br>*(If pro se, select this deck)* | ☐ 152 Recovery of Defaulted Student Loan (excluding veterans) |
| ○ K. *Labor/ERISA (non-employment)* | ○ L. *Other Civil Rights (non-employment)* | ○ M. *Contract* | ○ N. *Three-Judge Court* |
| ☐ 710 Fair Labor Standards Act<br>☐ 720 Labor/Mgmt. Relations<br>☐ 740 Labor Railway Act<br>☐ 751 Family and Medical Leave Act<br>☐ 790 Other Labor Litigation<br>☐ 791 Empl. Ret. Inc. Security Act | ☐ 441 Voting (if not Voting Rights Act)<br>☐ 443 Housing/Accommodations<br>☐ 440 Other Civil Rights<br>☐ 445 Americans w/Disabilities – Employment<br>☐ 446 Americans w/Disabilities – Other<br>☐ 448 Education | ☐ 110 Insurance<br>☐ 120 Marine<br>☐ 130 Miller Act<br>☐ 140 Negotiable Instrument<br>☐ 150 Recovery of Overpayment & Enforcement of Judgment<br>☐ 153 Recovery of Overpayment of Veteran's Benefits<br>☐ 160 Stockholder's Suits<br>☐ 190 Other Contracts<br>☐ 195 Contract Product Liability<br>☐ 196 Franchise | ☐ 441 Civil Rights – Voting (if Voting Rights Act) |

## V. ORIGIN

◉ 1 Original Proceeding   ○ 2 Removed from State Court   ○ 3 Remanded from Appellate Court   ○ 4 Reinstated or Reopened   ○ 5 Transferred from another district (specify)   ○ 6 Multi-district Litigation   ○ 7 Appeal to District Judge from Mag. Judge   ○ 8 Multi-district Litigation – Direct File

**VI. CAUSE OF ACTION** (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE.)
Freedom of Information Act, 5 U.S.C. 552 (failure to conduct adequate search; failure to disclose responsive records)

| **VII. REQUESTED IN COMPLAINT** | CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23 | DEMAND $<br>JURY DEMAND: | Check YES only if demanded in complaint<br>YES ☐   NO ☒ |
|---|---|---|---|
| **VIII. RELATED CASE(S) IF ANY** | (See instruction) | YES ☐   NO ☒ | If yes, please complete related case form |

DATE: March 28, 2018 | SIGNATURE OF ATTORNEY OF RECORD ___ /s/ Julie A. Murray

### INSTRUCTIONS FOR COMPLETING CIVIL COVER SHEET JS-44
#### Authority for Civil Cover Sheet

The JS-44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and services of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently, a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. Listed below are tips for completing the civil cover sheet. These tips coincide with the Roman Numerals on the cover sheet.

**I.**     COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF/DEFENDANT (b) County of residence: Use 11001 to indicate plaintiff if resident of Washington, DC, 88888 if plaintiff is resident of United States but not Washington, DC, and 99999 if plaintiff is outside the United States.

**III.**   CITIZENSHIP OF PRINCIPAL PARTIES: This section is completed only if diversity of citizenship was selected as the Basis of Jurisdiction under Section II.

**IV.**   CASE ASSIGNMENT AND NATURE OF SUIT: The assignment of a judge to your case will depend on the category you select that best represents the primary cause of action found in your complaint. You may select only one category. You must also select one corresponding nature of suit found under the category of the case.

**VI.**   CAUSE OF ACTION: Cite the U.S. Civil Statute under which you are filing and write a brief statement of the primary cause.

**VIII.**  RELATED CASE(S), IF ANY: If you indicated that there is a related case, you must complete a related case form, which may be obtained from the Clerk's Office.

Because of the need for accurate and complete information, you should ensure the accuracy of the information provided prior to signing the form.

FOIA Summons
1/13

# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| Public Citizen, Inc. | ) | |
| *Plaintiff* | ) | |
| | ) | |
| v. | ) | Civil Action No. |
| United States Department of Education | ) | |
| | ) | |
| *Defendant* | ) | |

## SUMMONS IN A CIVIL ACTION

To:     *(Defendant's name and address)*

United States Department of Education
400 Maryland Avenue SW
Washington, DC 20202

A lawsuit has been filed against you.

Within 30 days after service of this summons on you (not counting the day you received it) you must serve on the plaintiff an answer to the attached complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure.  The answer or motion must be served on the plaintiff or plaintiff's attorney, whose name and address are:

Julie A Murray
Public Citizen Litigation Group
1600 20th Street NW
Washington, DC 20009

If you fail to respond, judgment by default may be entered against you for the relief demanded in the complaint.  You also must file your answer or motion with the court.

*ANGELA D. CAESAR, CLERK OF COURT*

Date: _____        _____

*Signature of Clerk or Deputy Clerk*

Civil Action No.

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 4 (l))*

This summons for *(name of individual and title, if any)* _____

was received by me on *(date)* _____ .

❒  I personally served the summons on the individual at *(place)* _____

_____ on *(date)* _____ ; or

❒  I left the summons at the individual's residence or usual place of abode with *(name)* _____

_____ , a person of suitable age and discretion who resides there,

on *(date)* _____ , and mailed a copy to the individual's last known address; or

❒  I served the summons on *(name of individual)* _____ , who is

designated by law to accept service of process on behalf of *(name of organization)* _____

_____ on *(date)* _____ ; or

❒  I returned the summons unexecuted because _____ ; or

❒  Other *(specify):*

.

My fees are $ _____ for travel and $ _____ for services, for a total of $   0.00   .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc:

FOIA Summons
1/13

# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

Public Citizen, Inc.
_____ )
*Plaintiff*                      )
                                 )
v.                               )          Civil Action No. _____
                                 )
United States Department of Education )
_____ )
*Defendant*                      )

## SUMMONS IN A CIVIL ACTION

To:     *(Defendant's name and address)*

        Jessie K. Liu
        United States Attorney's Office for the District of Columbia
        501 Third Street NW, 4th Floor
        Washington, DC 20001


        A lawsuit has been filed against you.

        Within 30 days after service of this summons on you (not counting the day you received it) you must serve on the plaintiff an answer to the attached complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure.  The answer or motion must be served on the plaintiff or plaintiff's attorney, whose name and address are:

        Julie A Murray
        Public Citizen Litigation Group
        1600 20th Street NW
        Washington, DC 20009



        If you fail to respond, judgment by default may be entered against you for the relief demanded in the complaint.  You also must file your answer or motion with the court.


                                        *ANGELA D. CAESAR, CLERK OF COURT*


Date: _____            _____
                                        *Signature of Clerk or Deputy Clerk*

FOIA Summons (12/11) (Page 2)

Civil Action No.

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 4 (l))*

This summons for *(name of individual and title, if any)* _____

was received by me on *(date)* _____ .

❐  I personally served the summons on the individual at *(place)* _____

_____ on *(date)* _____ ; or

❐  I left the summons at the individual's residence or usual place of abode with *(name)* _____

_____ , a person of suitable age and discretion who resides there,

on *(date)* _____ , and mailed a copy to the individual's last known address; or

❐  I served the summons on *(name of individual)* _____ , who is

designated by law to accept service of process on behalf of *(name of organization)* _____

_____ on *(date)* _____ ; or

❐  I returned the summons unexecuted because _____ ; or

❐  Other *(specify):*

                                                                                                             .


My fees are $ _____ for travel and $ _____ for services, for a total of $   0.00   .


I declare under penalty of perjury that this information is true.


Date: _____


_____
*Server's signature*


_____
*Printed name and title*


_____
*Server's address*


Additional information regarding attempted service, etc:

FOIA Summons
1/13

# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| Public Citizen, Inc. | ) |
| _____ | ) |
| *Plaintiff* | ) |
| | ) |
| v. | )          Civil Action No. |
| United States Department of Education | ) |
| _____ | ) |
| *Defendant* | ) |

## SUMMONS IN A CIVIL ACTION

To:     *(Defendant's name and address)*

Jefferson B. Sessions III
United States Office of the Attorney General
950 Pennsylvania Avenue NW
Washington, DC 20530

A lawsuit has been filed against you.

Within 30 days after service of this summons on you (not counting the day you received it) you must serve on the plaintiff an answer to the attached complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure.  The answer or motion must be served on the plaintiff or plaintiff's attorney, whose name and address are:

Julie A Murray
Public Citizen Litigation Group
1600 20th Street NW
Washington, DC 20009

If you fail to respond, judgment by default may be entered against you for the relief demanded in the complaint.  You also must file your answer or motion with the court.

*ANGELA D. CAESAR, CLERK OF COURT*

Date: _____          _____

*Signature of Clerk or Deputy Clerk*

FOIA Summons (12/11) (Page 2)

Civil Action No.

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 4 (l))*

This summons for *(name of individual and title, if any)* _____

was received by me on *(date)* _____ .

❏  I personally served the summons on the individual at *(place)* _____
_____ on *(date)* _____ ; or

❏  I left the summons at the individual's residence or usual place of abode with *(name)* _____
_____ , a person of suitable age and discretion who resides there,

on *(date)* _____ , and mailed a copy to the individual's last known address; or

❏  I served the summons on *(name of individual)* _____ , who is

designated by law to accept service of process on behalf of *(name of organization)* _____
_____ on *(date)* _____ ; or

❏  I returned the summons unexecuted because _____ ; or

❏  Other *(specify):*
_____ .


My fees are $ _____ for travel and $ _____ for services, for a total of $     0.00     .


I declare under penalty of perjury that this information is true.


Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc: